IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Therin Powell,                                     :
                              Petitioner           :
                                                   :
        v.                                         :  No. 154 C.D. 2025
                                                   :  Submitted: May 12, 2026
Pennsylvania Parole Board,                         :
                              Respondent           :


BEFORE:     HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                   FILED:  August 4, 2026


        Therin Powell (Powell) petitions for review of a January 23, 2025 order
(Order) of the Pennsylvania Parole Board (Board), denying Powell's appeal of a
decision recommitting Powell as a convicted parole violator (CPV).  Powell asserts
the Board committed an error of law by failing to grant credit against his sentence
for time he was confined after July 13, 2021, and abused its discretion by refusing
to grant credit for time he was at liberty on parole.  Powell's appointed counsel
(Counsel) filed the Petition for Review but then filed an Application to Withdraw as
Counsel (Application) and a *Turner* letter[1] (Letter) advising Powell's appeal lacks
merit.  After review of the record we deny the Application without prejudice and

_____

    [1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

grant Counsel 30 days from the date of the Court's Order to file a renewed application to withdraw and amended *Turner* letter, or a brief on the merits.

## BACKGROUND

Powell pled guilty in the Lycoming County Court of Common Pleas to manufacture, sale or distribution of a controlled substance or possession with intent to sell or distribute. On March 27, 2015, that court sentenced Powell to imprisonment for a minimum of two years and a maximum of four years. Certified Record (C.R.) at 4.[2]

In a second case, also in Lycoming County, Powell pled guilty to the same offense. On April 19, 2017, the court sentenced him to imprisonment for a minimum of 1 year and 6 months and a maximum of 10 years. *Id.* The Board granted parole on January 21, 2020. *Id.* at 11. On October 1, 2020, law enforcement officers arrested Powell in Lycoming County for alleged violation of the same Pennsylvania statute prohibiting the sale or distribution of controlled substances or possession with intent to sell or distribute. *Id.* at 31. The Board issued a warrant to detain him for a parole violation. *Id.* at 19.

On July 13, 2021, federal officials arrested Powell on federal drug charges. *Id.* at 52 (docket entry 89). On July 27, 2021, the Commonwealth terminated prosecution of Powell on the state charges stemming from his October 2020 arrest. *Id.* at 31.

On September 11, 2024, a federal district court lifted the federal detainer on Powell and released him to the state parole detainer. *Id.* at 59 (docket entry 737). The next day Powell entered a guilty plea in the federal court to one count of

---

[2] This Court granted Powell's application to proceed *in forma pauperis* and thereby excused him from reproducing the record. Pa.R.A.P. 2151(b).

distribution and possession with intent to distribute a mixture or substance containing detectable amounts of heroin, fentanyl, and cocaine. The federal court sentenced him to imprisonment for 120 months. *Id.* at 33-34.

On September 23, 2024, the Board issued a notice of revocation hearing to recommit Powell as a CPV. *Id.* at 24. Powell waived the hearing and admitted the federal conviction. *Id.* at 26.

On October 1, 2024, the Board recommitted Powell as a CPV. *Id.* at 64. The Board declined to grant credit against Powell's sentence for time he was at liberty on parole, because Powell was convicted of a federal offense that was the same or similar to the one that resulted in his state sentence. *Id.*

The Board also recalculated the date on which Powell would complete the maximum term of his state imprisonment (Maximum Date), to be February 28, 2031. *Id.* at 62. The decision explained the basis for that recalculation. On the day the Board granted parole, Powell had 2,626 days remaining on his maximum sentence. *Id.* The Board granted 285 days of credit for time Powell was confined on the Board's detainer, from his arrest on state drug charges on October 1, 2020, until his arrest on federal drug charges on July 13, 2021. *Id.* Relying on *Gaito v. Pennsylvania Board of Probation & Parole*, 412 A.2d 568 (Pa. 1980), the Board concluded Powell was not entitled to credit after July 13, 2021, because he was no longer held solely on the Board's detainer, but was also being held on the federal charges. *Id* at 62, 80-81. That left 2,341 days on the maximum term, which Powell resumed serving on October 1, 2024. *Id.*

Powell timely appealed in two handwritten letters. In those letters Powell did not challenge the decision to refuse credit for time at liberty on parole, but argued the Board erroneously calculated his new Maximum Date because it failed to grant

3

credit for confinement after July 13, 2021. *Id.* at 68-72. Powell also submitted an Administrative Remedies Form to appeal on this ground. *Id.* at 73. Powell's appointed counsel then submitted a new Administrative Remedies Form, again contending the Board failed to allow credit to which Powell was entitled, but also asserting the Board abused its discretion by refusing credit for time at liberty on parole. *Id.* at 79.

The Board rejected Powell's appeal based on the reasons stated in its initial decision. *See id.* at 62-64, 80-81. Counsel timely filed the Petition for Review raising the same two issues, but then submitted the Application and *Turner* letter. This Court filed an Order allowing Powell to engage new counsel and have that counsel file a brief on his behalf, or to file a brief on his own behalf. Order, 5/2/25. No other counsel appeared for Powell, and neither side filed a brief.

**DISCUSSION**

Before considering the merits of Powell's appeal we first must address the Application and *Turner* letter. Where court-appointed counsel believes the petitioner's case lacks merit, this Court may permit that counsel to withdraw from the representation, if counsel submits a *Turner* letter that "detail[s] the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. We also must confirm counsel satisfied the following procedural requirements: (1) counsel notified the petitioner of the request to withdraw; (2) counsel provided the petitioner with a copy of the *Turner* letter; and (3) counsel advised the petitioner of his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013).

4

Counsel satisfied the procedural requirements in *Turner*. The Letter sets forth the relevant factual and procedural history. Letter at 1-6. It indicates after "conducting an exhaustive examination of the record" Counsel "concluded that Mr. Powell's appeal is without merit and lacks support in either law or fact." *Id*. at 1. The Letter analyzes the issues Powell raised in his appeal and discusses record facts and applicable law. *Id.* at 6-10. Counsel provided Powell a copy of the Letter and informed him of his right to retain substitute counsel or file a *pro se* brief. *Id.* at 11.

However, where counsel satisfies these procedural requirements, we are also "required to conduct . . . [our] own independent review of the petition to withdraw and must concur in counsel's assessment before . . . [we] may grant counsel leave to withdraw." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (en banc). For the most part we concur with Counsel's assessment, but our review leaves one specific question within the scope of Powell's appeal that Counsel has not addressed.

On one of the two issues Powell raised – denial of credit for time at liberty on parole, *see* Petition for Review, ¶ 6 – we concur in Counsel's assessment. The Board was permitted in the exercise of its discretion to grant credit for time at liberty on parole, but was not required to do so. 61 Pa.C.S. § 6138(a)(2.1). The Board was required to articulate its reason for refusing credit, but the "reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Pittman v. Pa. Bd. of Prob. & Parole,* 159 A.3d 466, 474-75 & n.12 (Pa. 2017). Where the Board articulates a reason, that reason is consistent with the record, and the inmate receives adequate notice of the acts on which the Board relies in denying credit, the Board does not abuse its discretion. *See Plummer v. Pa. Bd. of Prob. & Parole,* 216 A.3d 1207, 1212-13 (Pa. Cmwlth. 2019).

The Board denied credit because Powell was convicted of an offense that was the same or similar to the one that resulted in the sentence from which the Board paroled him. C.R. at 64, 80-81. Conviction of the same or a similar offense is a valid reason to refuse credit. *See, e.g., Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 390-91 (Pa. Cmwlth. 2019). Powell received adequate notice, C.R. at 24, 40-49, and does not assert the Board failed to give notice or that the reason was inaccurate or not supported by the record, *id.* at 79. The federal conviction involved essentially the same offense as Powell's state offense: distribution of controlled substances or possession with intent to do so. *Id.* at 4, 33; *compare* Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act,[3] 35 P.S. § 780-113(a)(30), *with* 21 U.S.C. § 841(a). Counsel correctly concluded the contention that the Board abused its discretion lacked merit.

On the other issue – failure to calculate accurately Powell's new Maximum Date because of an erroneous denial of credit for time in confinement after July 13, 2021, *see* Petition for Review, ¶ 5 – we concur for the most part with Counsel's assessment, but one question remains.

The Board correctly refused credit for the period from July 13, 2021, until September 11, 2024. With limited exceptions not relevant here, the Board must grant credit against a parolee's sentence for time confined solely because of the Board's detainer, but not for time after new criminal charges are lodged unless the parolee qualifies for bail on the new charges and remains in confinement solely because of the Board's detainer. *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 768-69 (Pa. 2017); *Gaito*, 412 A.2d at 571.

---

[3] Act of April 14, 1972, P.L. 233, *as amended*.

Federal authorities executed their arrest warrant, and a federal magistrate signed an order for Powell's detention, on July 13, 2021. C.R. at 52 (docket entry 89), 53 (docket entry 104). Powell moved for bail several months later, *id.* at 54 (docket entry 229), but the record does not show the court granted bail. It does show Powell remained under a federal detainer until September 11, 2024. *Id.* at 59 (docket entry 737). The Board found Powell did not qualify for bail on the federal charges and Powell does not claim otherwise. Counsel correctly concluded this issue lacks merit insofar as the Board denied credit for the period between July 13, 2021, and September 11, 2024. *Smith*, 171 A.3d at 768-69; *Gaito*, 412 A.2d at 571.

The unaddressed question relates to credit for time between September 11, 2024, when the federal court lifted the federal detainer and "release[d] defendant to [the] state parole detainer," C.R. at 59 (docket entry 737), and October 1, 2024, when Powell resumed serving time on his state sentence after the Board recommitted him as a CPV. The September 11 order, specifically releasing Powell to the state parole detainer, suggests that after that date he was held solely on the Board's detainer. The Board had the burden to show otherwise. *See Gair v. Pa. Bd. of Prob. & Parole*, 948 A.2d 884, 888-89 (Pa. Cmwlth. 2008).

The Order does not point to any evidence showing Powell was held on the federal charge after the lifting of the federal detainer, and does not include a finding of fact relating to the basis for confinement after Powell's release to the state parole detainer on September 11. The Board does not explain this point beyond the circular statement that Powell "became available to begin service of his original sentence on October 1, 2024, because that is when he was available to the Board to serve his back time." C.R. at 80.

7

While we make no determination of the merits, this Court's decision in *Mitchell v. Pennsylvania Parole Board*, 349 A.3d 521 (Pa. Cmwlth. 2025), suggests a potential argument for credit after September 11, 2024. In that case a Pennsylvania parolee was charged in North Carolina and the Pennsylvania Parole Board filed a detainer. *Id.* at 522. The parolee did not make bail in North Carolina and the court there convicted him of involuntary manslaughter. *Id.* The North Carolina Department of Corrections ordered Mitchell's release on that state's charges to a probation/parole officer, on April 7, 2023, but he was not released. *Id.* On April 18, 2023, the North Carolina authorities informed Pennsylvania he was available to be returned to the Commonwealth. *Id.* at 522-23. This Court concluded 11 days of confinement from April 7 to April 18 resulted solely from the Board's detainer and the Board therefore had to grant credit for those days against his Pennsylvania sentence. *Id.* at 525-26.

The *Turner* letter notes Powell's contention that the Board miscalculated his new Maximum Date and should have granted credit for all time in confinement after his 2020 arrest. Letter at 5-6. It sets forth Counsel's conclusion that the new Maximum Date was correct. *Id.* at 6 (citing C.R. at 23). However, the Letter does not address specifically the period of confinement after September 11, or the significance, if any, of the federal order lifting the federal detainer and releasing Powell to the state parole detainer. Accordingly the Court must deny the Application without prejudice and afford Counsel time to submit an amended Application and *Turner* letter, if Counsel concludes an appeal addressing this time period lacks merit,

8

or a brief on the merits. *See, e.g., Zerby v. Shannon*, 964 A.2d 956, 962 (Pa. Cmwlth. 2009).[4]

## CONCLUSION

For the reasons stated in this opinion, the Application is denied without prejudice. Counsel is granted 30 days from the date of this Order to file a renewed application to withdraw, along with an amended *Turner* letter, or submit a brief on the merits of the Petition for Review.

_____
STACY WALLACE, Judge

---

[4] We acknowledge Powell could not receive credit against his state sentence for the period between September 11 and October 1, 2024, if he also received credit for the same period against his federal sentence. *See Barndt v. Pa. Dept. of Corrections*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006). Federal authorities allow credit, however, only for periods the inmate is held because of federal charges. *See, e.g., Otto v. Warden, FCI-Allenwood*, 209 F. App'x 149, 152 (3d Cir. 2006); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 587 (5th Cir. 1988). Nothing in the record indicates that was so between September 11 and October 1, and the Board made no finding it was. Furthermore, Counsel's *Turner* letter indicates credit on the federal sentence was given "from October 1, 2020." Letter at 3.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Therin Powell,                          :
                          Petitioner    :
                                        :
        v.                              :    No. 154 C.D. 2025
                                        :
Pennsylvania Parole Board,              :
                          Respondent    :

# O R D E R

**AND NOW**, this 4th day of August 2026, the Application to Withdraw as Counsel filed by Petitioner's appointed counsel, Kent D. Watkins, Esquire, is **DENIED WITHOUT PREJUDICE**.  Counsel is granted 30 days from the date of this Order to file a renewed application to withdraw, along with an amended *Turner* letter, or submit a brief on the merits of the Petition for Review.

_____
STACY WALLACE, Judge